**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **COMMUNICATIONS WORKERS OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **AT&T MOBILITY SERVICES, LLC,** <br><br> Defendant. | **Civil Action No. 1:20-cv-00911-MLB** |

**NOTICE OF REGIONAL DIRECTOR'S DECISION AND ORDER CLARIFYING BARGAINING UNIT**

Through this Notice, Defendant AT&T Mobility Services LLC, incorrectly named AT&T Mobility LLC ("Defendant"), respectfully provides the Court with notice that on November 3, 2021, the Regional Director of Region 10 of the National Labor Relations Board ("NLRB") issued the attached Decision and Order Clarifying Bargaining Unit in Case No. 10-UC-280972. The Regional Director rejected the Communications Workers of America's (the "Union") argument[1] that Defendant's Unit Clarification Petition ("UC Petition"), filed August 6, 2021, should be deferred to the parties' grievance-arbitration procedure, noting that such matters "are not appropriate for arbitration" and that a pending grievance could result in an

---

[1] The Union also raised this argument in its Response to Defendant's Notice of NLRB Hearing In Support of Motion to Stay [Doc. No. 49].

incongruous arbitration award. The Regional Director further found that the ISC and ISSS positions constitute a separate appropriate unit, do not share an overwhelming community of interest with the positions in the existing unit, and perform duties related to outside sales that the parties have historically excluded from the unit, both by practice and by contract. Accordingly, the Regional Director clarified the unit to exclude Defendant's ISC and ISSS positions. The Union has 10 business days following the issuance of the decision to file a request for review with the NLRB.

Such information is relevant to the Union's Motion for Judgment on the Pleadings [Doc. No. 38] in that the Regional Director's decision demonstrates that this matter is primarily representational because "the Board has already exercised jurisdiction over a matter and…has already decided the matter." *See Int'l Bhd. of Elec. Workers, Local 71 v. Trafftech, Inc.*, 461 F.3d 690, 695 (6th Cir. 2006) (identifying this as one of the two types of situations in which a dispute will be treated as primarily representational). Further, the Regional Director's decision moots the Union's claims in this matter and will take precedence over any conflicting arbitration decision. *Carey v. Westinghouse Elec. Corp.*, 375 U.S. 261, 272 (1964).

Dated: November 9, 2021        */s/ Leslie A. Dent*
                               Leslie A. Dent, Bar No. 218566
                               **LITTLER MENDELSON P.C.**
                               3424 Peachtree Road N.E., Suite 1200
                               Atlanta, GA  30326.1127
                               Telephone: 404.233.0330
                               ldent@littler.com

                               Arrissa K. Meyer (TX Bar No. 24060954)
                               *(pro hac vice)*
                               **LITTLER MENDELSON, P.C.**
                               2001 Ross Ave., Suite 1500
                               Dallas, TX 75201
                               Telephone: 214.880.8180
                               akmeyer@littler.com

                               *Attorneys for Defendant AT&T Mobility Services, LLC*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **COMMUNICATIONS WORKERS OF AMERICA,** | |
| Plaintiff, | Civil Action No. 1:20-cv-00911-MLB |
| v. | |
| **AT&T MOBILITY SERVICES, LLC,** | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Robert M. Weaver, Esq.
> CWA District 3
> 3516 Covington Highway
> Decatur, GA 30032

> */s/ Leslie A. Dent*
> Leslie Dent
> Counsel for Defendant

4894-9484-6210.1 / 061317-1758